In re BENSEL et al.

(Supreme Court, Appellate Division, Second Department. June 7, 1912.)

1. EMINENT DOMAIN (§ 131*)—MEASURE OF DAMAGES—TAKING ENTIRE TRACT —VALUE OF LAND.

    An owner of land taken by condemnation is entitled to the full value of the land taken.

    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 353; Dec. Dig. § 131.*]

2. EMINENT DOMAIN (§ 140*)—MEASURE OF DAMAGES—TAKING PART OF TRACT —DAMAGES TO PROPERTY NOT TAKEN.

    An owner of land, part of which is taken by condemnation, is entitled to a fair and adequate compensation for injury to the residue sustained or to be sustained by the construction and operation of the particular public work.

    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 371; Dec. Dig. § 140.*]

3. EMINENT DOMAIN (§ 243*)—COMPENSATION—AWARD—CONCLUSIVENESS.

    Laws 1905, c. 724, relating to the acquisition of lands for aqueduct purposes, provides by section 19 for the presentation of claims for compensation for land taken, and by section 42, as amended by Laws 1906, c. 314, for damages to an owner of any real estate not taken by virtue of the act. Laws 1905, c. 725, § 8, provides for compensation to an owner of private property not actually taken but which will in his opinion be damaged. In a proceeding under Laws 1905, c. 724, the owner of a tract of land including the parcel condemned appeared and made his claim under section 19, presenting evidence of the value of the parcel condemned, and all damages resulting to land not taken, and was awarded damages in full satisfaction for the fee of the parcel taken, and for all

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

damages to any land shown on a map indicating all land owned by him, which award was received by him without appeal. Thereafter he obtained mandamus directing the commissioners to convene and appraise a particular item of damage to the land not taken. *Held*, that the whole question of damages had been litigated, and hence that the application for mandamus should be denied.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 551, 627–629; Dec. Dig. § 243.*]

Appeal from Special Term, Westchester County.

In the matter of the application and petition of John A. Bensel et al., to acquire real estate, etc., in the towns of Yorktown and Newcastle, Westchester county, etc. From an order made on petition of Leverett H. Baker, directing a peremptory writ of mandamus to issue, requiring the commissioners of appraisal to reconvene and hear certain testimony and determine certain claims for damages, the City of New York appeals. Reversed, and application for writ of peremptory mandamus denied.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

I. J. Beaudrias, of Yonkers, for appellant.
Clinton T. Taylor, of White Plains, for respondent.

WOODWARD, J. The proceeding now before us was instituted under the provisions of chapter 724 of the Laws of 1905 to acquire real estate for the Catskill aqueduct and appurtenances. Upon the petition of the city of New York the commissioners were duly appointed and qualified, and, upon the taking of the constitutional oath, the fee of parcel 929 on the map in this proceeding vested in the city of New York. Leverett H. Baker, the respondent herein, was the original owner of parcel No. 929, together with certain contiguous real estate, and in due time presented his claim to the commissioners for the damages caused by the taking of said parcel of real estate. He appeared from time to time and gave evidence of the value of the parcel taken, as well as of the damages to result to his contiguous real estate. The commissioners, after hearing such testimony and viewing the premises, on the 25th day of August, 1910, made their first separate report, in which they awarded the sum of $12,000 to Leverett H. Baker for the taking of said parcel No. 929, and all damages occasioned to him thereby, in the following language:

"Twelve thousand dollars ($12,000) is the sum ascertained and determined by us as aforesaid to be paid to the owners of and persons interested in the said land for the taking of the fee designated on said map as parcel No. 929, and in full satisfaction of all damage sustained or which may be sustained by them by reason of the acquisition, use or occupation for the purposes indicated in said act or the acts amendatory thereof of said fee and of all the other real estate laid down on said map."

There is no question that all of the real estate owned by the respondent in connection with parcel No. 929 was indicated upon the map before the commissioners, and there is no question that they had full jurisdiction of the subject-matter and of the respondent. The

report was subsequently confirmed by the Supreme Court by an order dated the 8th day of October, 1910, and on or about the 5th day of April, 1911, the comptroller of the city of New York paid the amount of said award, with interest to the date of payment, pursuant to the statute, to the said Leverett H. Baker, the respondent. On or about the 6th day of January, 1911, claimant-respondent presented a claim to the said commissioners for damages alleged to have been caused to land owned by him contiguous to parcel 929, and claimed to have been damaged by the construction and maintenance upon parcel 929, of the aqueduct and appurtenances. The commissioners refused to hear evidence upon the new claim upon the ground that the matter had been considered in the trial of parcel 929. On or about the 14th day of April, 1911, notice of motion of respondent's attorneys for a peremptory writ of mandamus directing the said commissioners to convene for the purpose of hearing the testimony respecting said claim was served upon the corporation counsel of the city of New York, and on September 18, 1911, the order appealed from, dated April 29, 1911, was duly served. The particular claim is that a certain spring upon the respondent's premises contiguous to parcel 929 has been caused to dry up by reason of the construction and maintenance of the aqueduct, to the damage of the respondent's property. The city of New York appeals from this order.

The respondent admits upon this appeal that it "is not to be denied that the general doctrine of the decisions in several states is that damages must be assessed once for all, and that, when once assessed according to law, they include all the injuries resulting from the particular appropriation and from the construction and operation of the works in a reasonable and proper manner for all time to come," citing section 819, Lewis on Eminent Domain (3d Ed.), but we are urged to adopt as the law of this state the theory which Mr. Lewis urges in section 820 of Lewis on Eminent Domain, to the effect that damages resulting from the construction of the public works should be left open for adjudication after the improvement has been made and put into operation, a rule which in practical operation would discourage investments, for the reason that it could never be known in advance the approximate cost of the work to be undertaken. It is, moreover, doubtful if the adoption of this rule would operate to the advantage of individual property owners, for the reason that it is usually much easier to get allowances for damages which are speculative in a condemnation proceeding than it is to establish the actual damages resulting from the construction and operation of an enterprise of a public character.

[1, 2] However this may be, the courts of this state have laid down the rule that the principle upon which compensation is to be made to the owner of land taken by proceedings of this character is, first, that such owner is to receive the full value of the land taken; and, second, where only a part of the land is taken, a fair and adequate compensation for the injury to the residue sustained, or to be sustained, by the construction and operation of the particular public work. Newman v. Metropolitan El. R. Co., 118 N. Y. 618, 623, 23

N. E. 901, 7 L. R. A. 289. In the later case of Bohm v. Metropolitan El. R. Co., 129 N. Y. 576, 29 N. E. 802, 14 L. R. A. 344, Judge Peckham says that:

"As to the land remaining, the question has been to some extent mooted whether the company should pay for the injury caused to such land by the mere taking of the other property, or whether, in case the proposed use of the property taken would depreciate the value of that which was not taken, such proposed use could be regarded and the depreciation arising therefrom be awarded as part of the consequential damages suffered from the taking. I think the latter is the true rule."

See South Buffalo Ry. Co. v. Kirkover, 176 N. Y. 301, 68 N. E. 366.

[3] This is what has been done in the case of the respondent. He has been before the commissioners, has introduced his evidence as to the value of the lands actually taken, and the damages to the lands not taken, including those damages which might result from the construction and maintenance of the aqueduct, and the determination of the commissioners upon this issue has been confirmed by the court, and the respondent has been paid for these damages. He now seeks, not to open up the whole question of his damages as they might be shown to exist after the construction of the aqueduct, but to compel the commissioners to take testimony as to a particular element of damages as to which he claims he has not been compensated. It seems to us that he cannot, while supporting the adjudication as it stands, demand that he shall be permitted to repudiate a part of it, and to open the way to a new award for a particular item of damages. The language of the award is that he is allowed $12,000 "for the taking of the fee designated on said map as parcel No. 929, and in full satisfaction of all damage sustained or which may be sustained by them by reason of the acquisition, use, or occupation for the purposes indicated in said act or the acts amendatory thereof of said fee and of all the other real estate laid down on said map." Having been paid all of his claim, both for the fee and for the damages which were sustained or might be sustained, he has no further claim upon the city of New York, and it is idle to contend that the respondent is helped out by the provisions of section 19 of chapter 724 of the Laws of 1905, or of section 42 of chapter 724 of the Laws of 1905, as amended by section 9 of chapter 314 of the Laws of 1905, or by section 8 of chapter 725 of the Laws of 1905. The respondent has already made his claim under the provisions of section 19, and it is not suggested that his real estate was not shown upon the maps provided for in the act, as a part of the proceedings, while section 42, as amended, merely provides, in so far as it might have any relation here, to the case of an "owner of any real estate not taken by virtue of this act," etc., and section 8 of chapter 725 relates to a case in which "any person owning private property not actually taken or proposed to be taken thereunder, but which will in his opinion be damaged," etc. None of these conditions exist in the case of the respondent. He was the owner of a tract of land which included parcel No. 929. All of the steps were taken to bring him into court, where he appeared and litigated his claim, not only for the value of the

fee, but for the present and prospective damages to that portion of his land which remained after the taking, and all of his rights were, under the law, adjudicated in that one proceeding. He has accepted the benefits of that award, without appeal, and he cannot be permitted to hold on to the $12,000 which has been paid to him in "full satisfaction of all damage sustained or which may be sustained," and relitigate the question of those damages.

The order appealed from should be reversed, with $10 costs and disbursements, and the application for a writ of peremptory mandamus denied, with costs. All concur.